**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DOUGLAS GELBER d/b/a HACKENSACK DENTAL ASSOCIATES, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>BLUE CROSS BLUE SHIELD OF ILLINOIS, *et al.*,<br><br>Defendants. | No. 24-cv-4236<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

Before the Court is the motion to dismiss (ECF No. 11) plaintiffs Douglas Gelber d/b/a Hackensack Dental Associates, Douglas Gelber, DMD, LLC., and Douglas Gelber's (collectively, "Plaintiffs") complaint (ECF No. 1) filed by defendants Blue Cross Blue Shield of Illinois, Health Care Service Corporation, and Dental Network of America LLC (collectively, "Defendants"). Plaintiffs opposed the motion to dismiss and cross-moved to compel arbitration (ECF No. 15). Defendants replied in support their motion (ECF No. 18). For the reasons discussed herein, Plaintiffs' motion is **GRANTED** and Defendants' motion is **DENIED** as moot.

## I. BACKGROUND

### A. Factual History

This matter arises out of a dispute between Plaintiffs, operators of a professional dental practice, and Defendants, suppliers of review and investigatory services for employee health and dental plan providers. ECF No. 1 ¶¶ 7-9. At some point prior to October 21, 2014, Plaintiffs filed an action against Defendants in New Jersey state court, which Defendants subsequently removed to the United States District Court for the District of New Jersey. *Id.* ¶ 1. The complaint does not detail the legal bases for that action. On October 21, 2014, the parties allegedly entered into an

arbitration agreement according to which they agreed to privately arbitrate their claims. *Id.* Defendants now allegedly refuse to participate in that arbitration process. *Id.* ¶¶ 11, 14. Plaintiffs accordingly seek to compel Defendants to participate in arbitration as set forth in their agreement. *Id.* ¶ 15.

### B. Procedural Background

Plaintiffs filed their complaint on March 26, 2024. ECF No. 1. Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on June 14, 2024. ECF No. 11. Plaintiffs opposed the motion to dismiss and filed a cross-motion to compel arbitration pursuant to Section 4 of the Federal Arbitration Act ("FAA") on July 22, 2024. ECF No. 15. Defendants replied in support of their motion on August 12, 2024. ECF No. 18. Defendants filed a letter on February 18, 2025, indicating that they would not file a separate response to Plaintiffs' cross-motion but would instead rely upon the arguments put forth in their motion to dismiss. *See* ECF No. 25.

## II. LEGAL STANDARD

Section 4 of the FAA "permits district courts to issue orders compelling arbitration of contractually valid and enforceable arbitration agreements." *Pop Test Cortisol, LLC v. Univ. of Chi.*, No. 14-7174, 2015 WL 5089519, at *5 (D.N.J. Aug. 27, 2015) (citing 9 U.S.C. § 4); *Spinetti v. Serv. Corp. Int'l.*, 324 F.3d 212, 218 (3d Cir. 2003) ("[T]he [FAA] provides that where a party to an arbitration agreement fails, neglects, or refuses to submit a matter to arbitration, the other party may seek to compel arbitration."). "[I]f a valid agreement to arbitrate exists and the dispute falls within the scope of its terms, the Court must mandate arbitration." *Watkins v. Vision Acad. Charter Sch.*, No. 20-656, 2020 WL 4220486, at *2 (E.D. Pa. July 23, 2020) (citing 9 U.S.C. § 2); *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 301 n.8 (2010) ("Section 2 of the FAA

requires courts to enforce valid and enforceable arbitration agreements according to their terms."). To determine whether a valid arbitration agreement exists between the parties, courts are guided by relevant state law contract principles.[1] *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002) ("A federal court must generally look to the relevant state law on the formation of contracts to determine whether there is a valid arbitration agreement under the FAA.").[2]

## III. DISCUSSION

Defendants do not appear to dispute the existence of a valid arbitration agreement between the parties. *See* ECF No. 18 at 7 n.2 (noting that "[a]cknowledgment of the Arbitration Agreement between the parties is a prerequisite for Defendants' argument"). Nor do Defendants appear to dispute that the parties' disagreements "falls within the scope of its terms." *Watkins*, 2020 WL

[1] The parties have not raised the issue of a potential conflict between New Jersey state law and the law of their home states, and both have relied on New Jersey state law in their briefs. Accordingly, the Court will apply New Jersey law in determining the enforceability of the parties' arbitration agreement. *See Vasadi v. Samsung Electronics Am., Inc.*, No. 21-10238, 2021 WL 5578736, at *7 (D.N.J. Nov. 29, 2021) ("The parties to this suit have raised no conflict between the law of contract formation in the Plaintiffs' respective home states and the law of the forum state, New Jersey. Indeed, Plaintiffs and [Defendants] both rely in their briefs on New Jersey law. Thus, on this motion to compel arbitration, the Court applies New Jersey contract law to its analysis of whether a valid agreement to arbitrate exists."); *Crespo v. Skillsoft (US) LLC*, No. 24-492, 2024 WL 4381744, at *3 (D.N.J. Oct. 3, 2024) ("In analyzing the issue of whether there was an agreement to arbitrate, both Defendant and Plaintiff cite to federal law and New Jersey law in their briefs. Accordingly, the Court will apply New Jersey law to assess whether there is an agreement to arbitrate here.").

[2] A motion to compel arbitration may be decided under either a motion to dismiss standard pursuant to Federal Rule of Civil Procedure 12(b)(6) or a summary judgment standard pursuant to Federal Rule of Civil Procedure 56. *See Giudotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 774 (3d Cir. 2013). Because the Court is persuaded "based on the face of the complaint, and documents relied upon in the complaint" that Plaintiffs may compel arbitration, it decides the matter under the Rule 12(b)(6) standard. *Edwards v. Certain Underwriters at Lloyd's Lond., Subscribing to Pol'y No. PK1021612, Lloyd's Syndicate 2987*, No. 24-6029, 2025 WL 325773, at *4 (D.N.J. Jan. 29, 2025); *see Young v. Experian Info. Sols., Inc.*, 119 F.4th 314, 319–20 (3d Cir. 2024); *see also Somerset Consulting, LLC v. United Cap. Lenders*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011) (finding that because materials "form[ing] the basis of plaintiffs' claims" are "attached . . . to their complaint" the "motion to compel arbitration is properly evaluated under a Rule 12(b)(6) motion, without the need for further discovery").

4220486, at *2. Rather, Defendants argue that Plaintiffs have twice materially breached the subject agreement and thus are barred from enforcing its terms pursuant to state law contract principles.[3] *See* ECF No. 11 at 2. For the reasons discussed below, the Court finds that Plaintiffs have not materially breached the arbitration agreement and accordingly compels arbitration. *See Saadeh v. T-Mobile USA, Inc.*, No. 21-12871, 2022 WL 193968, at *2 (D.N.J. Jan. 21, 2022) ("The FAA requires courts to . . . compel arbitration of claims covered by a written, enforceable arbitration agreement." (citation omitted)).

**A. Plaintiffs Did Not Materially Breach the Arbitration Agreement**

Defendants argue that Plaintiffs materially breached the arbitration agreement by failing to initiate arbitration proceedings in a timely manner. The arbitration agreement provides that "[t]he parties agree that the Arbitration will proceed expeditiously and without delay by either party." ECF No. 1-1, § 1.3. According to Defendants, Plaintiffs breached this provision by failing to contact the agreed-upon arbitrator, Dr. Zweig, for over six years after entering the agreement. ECF No. 11 at 3–4. In other words, because Plaintiffs did not contact Dr. Zweig sooner to begin arbitration proceedings, Defendants claim that Plaintiffs caused the arbitration to not "proceed expeditiously and without delay," thereby breaching the agreement. *Id.* at 7.

Plaintiffs did not materially breach the arbitration agreement by failing to timely initiate arbitration proceedings because the agreement does not obligate Plaintiffs to unilaterally do so. Defendants aver that Plaintiffs materially breached the arbitration agreement by first contacting Dr. Zweig more than six years after the parties agreed to arbitrate. *Id.* The agreement does not, however, obligate Plaintiffs to independently retain Dr. Zweig to begin arbitration. Rather, the

[3] Under New Jersey law, "[a] material breach to a bilateral contract excuses the other party from performing its future obligations under that contract." *Weisman v. N.J. Dep't of Hum. Servs.*, 982 F. Supp. 2d 386, 391 (D.N.J. 2013); *Travelodge Hotels, Inc. v. Durga, LLC*, No. 15-8412, 2024 WL 4345051, at *10 (D.N.J. Sept. 30, 2024).

agreement provides that "*[t]he Parties* shall retain Dr. Marc Zweig." ECF No. 1-1, § 2.1 (emphasis added). Indeed, the agreement provides that "[t]he Parties" shall perform many of the actions required for arbitration proceedings to begin. *See, e.g.*, *id.* §§ 2.3 ("The Parties shall provide Dr. Zweig with a release/hold harmless agreement[.]"), 2.4 ("[T]he Parties shall work together to finalize and mutually approve updated lists of non-paid claims for resolution[.]"). In short, any delay in commencing arbitration cannot be attributed solely to Plaintiffs, as the agreement provides that the parties shall jointly retain Dr. Zweig to initiate proceedings. Accordingly, Plaintiffs' inaction does not constitute a material breach of the agreement.[4] *See Lento v. Altman*, No. 22-4840, 2023 WL 4232158, at *10 (D.N.J. June 27, 2023) (noting that defendant cannot be in breach for failure to perform "if it was not [defendant's] responsibility to perform in the first place").

Defendants cite several cases in which courts declined to enforce arbitration agreements, but those cases are distinguishable because the parties seeking to enforce arbitration had failed to perform clear obligations under the relevant agreements. For instance, the court in *Heisman v. Wyndham Vacation Resorts, Inc*, found that defendant Wyndham could not enforce an arbitration agreement between the parties because, among other things, Wyndham had materially breached the agreement. No. 20-11480, 2021 WL 1138125, at *4 (D.N.J. Mar. 22, 2021). That finding of material breach, however, was based on the fact that Wyndham had agreed to participate in arbitration administered by the American Arbitration Association ("AAA") but had nonetheless "failed to adhere to the requirements for participation in AAA arbitration." *Id.* at *1, *4. Unlike in *Wyndham*, Plaintiffs here do not appear to have "failed to adhere" to any requirements imposed by

[4] Notably, Defendants do not appear to argue that they separately attempted to contact Dr. Zweig and initiate proceedings, such that Plaintiffs' own inaction would constitute "delay by either party." ECF No. 1-1, § 1.3.

the arbitration agreement and thus a finding of material breach—and corresponding unenforceability of the contract—is not appropriate.[5]

### B. Plaintiffs Did Not Materially Breach the Arbitration Agreement by Seeking to Compel Arbitration in this Action Instead of in the Pre-existing Litigation

Defendants argue that Plaintiffs also materially breached the arbitration agreement by filing their motion to compel in a new action rather than re-opening the prior litigation between the parties. The arbitration agreement provides that "[a]ny motion to re-open the Litigation shall be limited to: (a) the Parties' failure to adhere to the terms of this Agreement, or (b) a motion to confirm or vacate a final arbitral award." ECF No. 1-1, § 1.3. The "Litigation" is defined as the original action between the parties, D.N.J. case number 2:13-cv-7102. *Id.*, § 1.1. According to Defendants, this clause limits Plaintiffs to "only one procedure" for addressing Defendants' alleged refusal to engage in arbitration: "reopening the prior litigation." ECF No. 11 at 2. Defendants therefore claim that Plaintiffs' decision to file their motion in the present action—rather than reopening the prior action—is a material breach of the agreement. *Id.*

Plaintiffs did not materially breach the arbitration agreement by filing their motion to compel in a new action because the agreement does not require that their motion be filed in the

[5] The remaining cases cited by Defendants similarly turn on a failure by the party seeking to compel arbitration to follow a clear obligation set forth in the arbitration agreement and are accordingly distinguishable. *See Page v. GPB Cars 12, LLC*, No. 19-11513, 2019 WL 5258164, at *2 (D.N.J. Oct. 17, 2019) (party seeking to enforce arbitration had "fail[ed] . . . to pay the required arbitration fees" despite agreement requiring it to "advance both party's filing, service, administration, arbitrator, hearing, and other fees"); *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1010 (9th Cir. 2005) (party seeking to enforce arbitration had "refused to participate in the arbitration process" regarding worker's alleged wrongful termination despite agreement requiring it to "arbitrate 'claims of wrongful discharge'"); *Pre-Paid Legal Servs., Inc. v. Cahill*, 786 F.3d 1287, 1293–94 (10th Cir. 2015) (party seeking to enforce arbitration had "failed to pay his share of the arbitration fees" despite agreement to abide by AAA rules which "require the parties to share arbitration expenses equally"); *Garcia v. Mason Cont. Prods., LLC*, No. 08-23101, 2010 WL 3259922, at *4 (S.D. Fla. Aug. 19, 2010) (party seeking to enforce arbitration had failed to follow AAA procedures despite agreement requiring it to arbitrate "in accordance with the arbitration rules of [AAA]").

pre-existing litigation. Under New Jersey law, contracts[6] must be interpreted according to their "plain language." *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 255 (3d Cir. 2010); *Red Roof Franchising LLC, Inc. v. AAA Hosp. Northshore, LLC*, 937 F. Supp. 2d 537, 557 (D.N.J. 2013). By its plain terms, the provision cited by Defendants does not appear to limit the parties in their choice of whether to file a motion to compel in a new action or in the pre-existing litigation.[7] Rather, the provision appears to "limit[]" the circumstances under which a party may make a "motion to re-open the Litigation." ECF No. 1-1, § 1.3. Because Plaintiffs are not here seeking to "re-open the Litigation," the provision does not appear applicable to their motion. Accordingly, Plaintiffs are not in breach of this provision, and they have not thereby materially breached the arbitration agreement.

**C. The Court Will Not Select an Alternative Forum for Arbitration**

In the event this Court compels arbitration, Plaintiffs ask that the Court select—or direct the parties to select—a forum "to govern the process." ECF No. 15 at 13. However, under the FAA, courts must "enforce arbitration agreements according to their terms." *Lamps Plus, Inc v. Varela,* 587 U.S. 176, 183 (2019) (citation omitted); *Robert D. Mabe, Inc. v. OptumRX*, 43 F.4th 307, 325 (3d Cir. 2022) ("[A]rbitration agreements must be enforced according to their terms like any other contract would be."). The agreement here appears to specify that arbitration shall proceed in two phases: first with Dr. Marc Zweig, ECF No. 1-1, § 2.1, and then through AAA, *Id.*, § 4.1.

---

[6] "Pursuant to New Jersey law, an arbitration agreement is a contract and is subject, in general, to the legal rules governing the construction of contracts." *Saadeh v. T-Mobile USA, Inc.*, No. 21-12871, 2022 WL 193968, at *3 (D.N.J. Jan. 21, 2022) (cleaned up); *Horowitz v. AT&T, Inc.*, No. 17-4827, 2019 WL 77331, at *5 (D.N.J. Jan. 2, 2019).

[7] A contract's "plain language" must be understood in light of "the document as a whole." *Red Roof Franchising*, 937 F. Supp. 2d at 557. However, Defendants do not point the Court to any other portion of the agreement that supports their reading of the subject provision, and the Court does not independently perceive an alternative meaning to the provision that can be gleaned from other portions of the agreement.

Because the agreement provides for arbitral forums, the Court is not free to select—or direct the parties to select—alternative forums. Accordingly, the arbitration shall proceed as envisioned in the parties' agreement. *See also In re Salomon Inc. S'holders Derivative Litig. 91 Civ. 5500 (RRP)*, 68 F.3d 554, 557–58 (2d Cir. 1995) (noting the court "cannot compel a party to arbitrate a dispute before someone other than the NYSE when that party had agreed to arbitrate disputes only before the NYSE").

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' motion to compel arbitration is granted and Defendants' motion to dismiss is thereby denied as moot.

Accordingly**, IT IS** on this 21st day of August 2026,

**ORDERED** that Plaintiffs' motion to compel arbitration (ECF No. 15) is **GRANTED** and the parties shall proceed to arbitration in accordance with the agreement; and it is further

**ORDERED** that Defendants' motion to dismiss (ECF No. 11) is **DENIED** as moot; and it is finally

**ORDERED** that this matter is **STAYED** and **ADMINISTRATIVELY TERMINATED** pending the outcome of the arbitration proceedings.

**SO ORDERED.**

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**